# the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-885V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DENNIS FRANKLIN, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 7, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jospeh A. Vukovich*, Maglio Christopher & Toale, P.A., Washington, D.C., for Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On February 8, 2021, Dennis Franklin filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that he developed Guillain-Barré syndrome as a result of the pneumococcal conjugate and/or tetanus, diphtheria, and pertussis vaccines he received on January 28, 2019. Pet. at 1. The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated June 12, 2023 (ECF No. 43).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated, Aug. 17, 2023 (ECF No. 48) ("Final Fees Mot."). Petitioner requests a total of $120,774.75, reflecting $118,705.20 in fees incurred through the services of Maglio, Christopher, & Toale Law Firm ("Mctlaw"), and $2,069.55 in costs. Final Fees Mot. at 1–2. Respondent reacted to the final

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

fees request on August 25, 2023. Response, dated Aug. 25, 2023 (ECF No. 49) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner filed a reply further supporting his request. *See* Reply, dated August 25, 2023 (ECF No. 50).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$120,774.75**.

**ANALYSIS**

I.   **Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles him to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| **Altom Maglio (Attorney)** | -- | $420.00 | -- | -- | -- |
| **Amber Wilson (Attorney)** | -- | $345.00 | -- | -- | -- |

| | | | | | |
|---|---|---|---|---|---|
| **Jeffrey Nelson (Attorney)** | -- | $404.00 | $420.00 | -- | -- |
| **Jessica Olins (Attorney)** | -- | $225.00 | -- | -- | -- |
| **Joseph Vuckovich (Attorney)** | -- | -- | -- | $385.00 | $415.00 |
| **Theordore Hong (Attorney)** | -- | -- | $350.00 | -- | -- |
| **Paralegals** | $154.00 | $160.00 | $165.00 | $170.00 | $180.00 |

ECF No. 48-2 at 46–47.

Mr. Vuckovich and the other Mctlaw attorneys participating in this case practice in Washington, D.C., which is within the forum.[3] Accordingly, they are entitled to the rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). And the rates requested for all attorneys and paralegals are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[4] *Bielak v. Sec'y of Health & Hum. Servs.*, No. 18-761V, 2023 WL 3742055 (Fed. Cl. Spec. Mstr. May 31, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $2,069.55 in outstanding costs, including the filing fee, medical record retrieval costs, and mailing costs. ECF No. 48-3 at 1–2. All are commonly incurred in the Vaccine Program, and are reasonable herein. All requested costs shall also be awarded. In addition,

---

[3] This is the case despite the fact that Mctlaw's primary office is in Florida. *Dezern v. Sec'y of Health & Hum. Servs.*, No. 13-643V, 2016 WL 6678496, at *4 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited September 7, 2023).

Petitioner requests a total of $23.30 for personally incurred costs associated with postage. Final Fees Mot. at 2; ECF No. 48-4 at 1, 7–8.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$120,774.75** reflecting $118,705.20 in attorney's fees and $2,069.55 in costs in the form of a check made jointly payable to Petitioner and his attorneys at Maglio, Christopher, & Toale, PA. Petitioner requests that payment be forwarded to Mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.